WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
MALLORY BEEBE, OSB #115138
Deputy City Attorney
Mallory.beebe@portlandoregon.gov
RAVYN L. GOSS, OSB #206229
Assistant Deputy City Attorney
ravyn.goss@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland and Zachary DeLong*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| SKYLER DELGADO, in his capacity and as personal representative of the Estate of Robert Delgado; ROBERT DELGADO, deceased,<br><br>PLAINTIFFS,<br><br>v.<br><br>CITY OF PORTLAND; ZACHARY DELONG; and JOHN DOES 1-5,<br><br>DEFENDANTS. | 3:23-cv-00529-AR<br><br>CITY DEFENDANTS' ANSWER AND DEFENSES<br><br>JURY TRIAL REQUESTED |

For their answer to Plaintiffs' Complaint ("Complaint"), defendants City of Portland and Zachary Delong (collectively "City defendants") respond to plaintiffs' allegations in correspondingly numbered paragraphs as follows:

With respect to plaintiffs' preliminary remarks, City defendants admit that on April 16, 2021, Portland police officer Zachary DeLong ("DeLong") shot and killed Mr. Delgado from a distance of approximately 90 feet because Mr. Delgado presented an immediate threat of death

Page  1 – CITY DEFENDANTS ANSWER AND DEFENSES

or serious bodily injury to Officer DeLong and Portland police officer Samantha Wuthrich ("Wuthrich"), when Mr. Delgado pointed and aimed a black pistol at both DeLong and Wuthrich.  Otherwise, City defendants deny plaintiffs' preliminary remarks.

## JURISDICTION

1.      City defendants admit that this Court has jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) to hear plaintiffs' constitutional claims brought under 42 U.S.C. § 1983. Otherwise, City defendants deny the remaining allegations in paragraph 1.  City defendants deny the Court has any supplemental jurisdiction over any state law claim as plaintiffs failed to file timely tort claim notice as required by the Oregon Tort Claims Act, ORS 30.265 *et seq.*

## VENUE

2.      City defendants admit plaintiffs have properly laid venue.

## PARTIES

3.      City defendants lacks knowledge or information sufficient at this time to admit or deny the allegation regarding Skylar Delgado's residency, or whether he is the biological or adoptive son of Robert Delgado, and therefore deny those allegations.  City defendants admit that Skylar Delgado was appointed the personal representative for the estate of Robert Delgado.

4.      City defendants acknowledge Mr. Delgado was 46 years old on April 16, 2021, when he was shot and killed by Officer DeLong.  Otherwise, City defendants lack information sufficient at this time to admit or deny the allegations contained in paragraph 4.

5.      City admits it is a public body organized under the laws of the State of Oregon and the City's Home Rule Charter, and admits that the City is a person subject to suit under 42 U.S.C. § 1983 and the Oregon Tort Claims Act, ORS 30.265 *et seq*. The City admits the Portland Police Bureau ("PPB") is part of the government entity encompassed by the City of Portland.

6.      City defendants admit Officer DeLong is a detective employed by the PPB.

Page  2 – CITY DEFENDANTS ANSWER AND DEFENSES

7.    City denies it has employed any John Doe defendants as described and alleged by plaintiffs in paragraph 7.

## FACTUAL ALLEGATIONS

### Background

8.    City defendants admit that, in 2010, Defendant City invited the United States Department of Justice ("DOJ") to investigate its Bureau of Police and make recommendations for improvements in its policies and procedures. DOJ conducted a lengthy review of police use of force in Portland and issued findings in 2012, and while finding that most uses of force it reviewed were constitutional, it asserted that the Portland Police Bureau had a pattern or practice of unconstitutionally using excessive force on people who either were, or were perceived to be, mentally ill or in mental health crisis. DOJ concluded that this pattern or practice resulted from deficiencies in policy, training and supervision, but recognized that many of these deficiencies originated prior to the PPB administration existing in 2012, and DOJ explicitly recognized and applauded the work of former PPB Chief Michael Reese and his command staff in proactively pursuing and implementing policy reforms. In any event, any findings, letters or other documentation issued by DOJ speak for themselves. Regardless, Defendant City denied, and continues to deny, that any such unconstitutional pattern or practice ever existed or continues to exist. Defendant City nevertheless embarked on extended negotiations with DOJ to agree on improvements that the City could implement to continue to improve the interactions between the police and people with mental illness or in mental health crisis, to enhance transparency, and further trust and legitimacy with the community.    Otherwise, City defendants deny the allegations in paragraph 8.

9.    City defendants admit the first sentence of paragraph 9. Otherwise, City defendants lack knowledge or information sufficient at this time to admit or deny the remainder of the allegations in paragraph 9, and therefore deny those allegations.

10.    City defendants admit that the United States filed a lawsuit against defendant

Page  3 – CITY DEFENDANTS ANSWER AND DEFENSES

City.  City defendants assert that, while the City disputed the DOJ's allegations in the lawsuit, the City nonetheless embarked on extended negotiations with DOJ to agree on improvements that the City could implement to improve the interactions between the police and people with mental illness or in mental health crisis, to enhance transparency, and further trust and legitimacy with the community.  The United States and the City reached a settlement agreement wherein the City agreed to make changes to its police policies, practices and training, and to enhance public oversight, transparency and accountability for incidents involving use of force by PPB.  The agreement also provided for enhanced data collection and reporting. The City and the United States further agreed that DOJ could file, and then conditionally dismiss, a federal court action to ensure that the district court would have jurisdiction to enforce the parties' settlement agreement, should that prove necessary. City defendants assert that such a filing, dismissal and limited retention of jurisdiction did occur.  City defendants admit that parts of the settlement agreement continue to be litigated.  City defendants admit that the settlement agreement entered into between the United States and the City was in effect at the time this current civil action was filed. Finally, City defendants assert that all the terms, conditions and limitations of the settlement agreement speak for themselves. Otherwise, City defendants expressly deny the allegations contained in paragraph 10.

      11.     City defendants deny the allegations contained in paragraph 11.

      12.–18. City defendants admit that PPB establishes policies, procedures, and directives and that those policies, procedures, and directives are publicly posted online.  PPB's policies, procedures and directives speak for themselves, and City defendants refer Plaintiffs for a full and complete recitation and explanation of their contents.  To the extent plaintiffs' allegations conflict with language of PPB's policies, procedures, or directives, either because plaintiffs' allegations are untrue, or taken out of proper context, City defendants deny the allegations in paragraphs 12 through 18.

Page  4 – CITY DEFENDANTS ANSWER AND DEFENSES

### Robert Delgado

19.    City defendants admit that Mr. Delgado was 46 years old on April 16, 2021. City defendants lack knowledge or information sufficient at this time to admit or deny the remaining allegations in paragraph 19, and therefore deny those allegations.

20.    City defendants admit that Mr. Delgado was in Lents Park on April 16, 2021, holding and pointing what other persons reasonably believed to be a firearm.  Mr. Delgado was standing near what was believed to have been his tent. City defendants admit that it was later determined that Mr. Delgado was holding a black, replica BB gun with a small orange tip. Otherwise, City defendants deny the allegations in paragraph 20.

21.    City defendants admit that on April 16, 2021, members of the public observed and witnessed Mr. Delgado pulling out, holding, and pointing what they reasonably believed to be a firearm in Lents Park.  At least one of those witnesses, called the City's Bureau of Emergency Communications ("BOEC"), to report Mr. Delgado's conduct.

22.    City defendants admit that at least one witness observed Mr. Delgado pull what was believed to be a black firearm out of his pants, take aim into the baseball field and chain-link fence, then turn and point the handgun north towards SE Holgate Avenue and 92nd Street, and continue to point the handgun while doing "quick draws" in the park. Except as previously admitted, City defendants deny the allegations in paragraph 22.

23.    City defendants admit that a witness called the BOEC non-emergency line the morning of April 16, 2021 and reported that he observed a man, later learned to be Mr. Delgado, pull a gun shaped object and reported to BOEC "it's a handgun."  City defendants admit the allegations in the second sentence of paragraph 23.   Otherwise, City defendants deny the allegations in paragraph 23.

24.    City defendants admit that Officer DeLong was a member of the ECIT team when he was dispatched to a call at approximately 9:30 a.m. on April 16, 2021, concerning a man with a possible firearm in Lents Park. City defendants admit the allegations in the second sentence of

Page  5 – CITY DEFENDANTS ANSWER AND DEFENSES

paragraph 24. Otherwise, City defendants deny the allegations in paragraph 24.

25.    City defendants admit Officer DeLong, prior to arriving at Lents Park, called the person who witnessed and reported Mr. Delgado's behavior to the City's BOEC non-emergency line. Officer DeLong confirmed the location and description of Mr. Delgado.  The BOEC caller also told Officer DeLong that the man (Mr. Delgado), was not pointing the gun at anyone, and was acting like "James Bond, a cowboy, and doing quick draws."  Officer DeLong reported to BOEC over the radio the content of his conversation with the BOEC caller.  City defendants believe other officers, including Officer Wuthrich, heard that information over the radio. Otherwise, City defendants deny the allegations in paragraph 25.

26.    City defendants admit Officer DeLong observed Mr. Delgado, from SE Holgate at the intersection of SE 92nd Avenue, across from Lents Park, and DeLong saw Mr. Delgado shirtless, standing approximately 100 feet from a busy parking lot and could see that Mr. Delgado's hands appeared empty. Except as previously admitted, City defendants deny the allegations in paragraph 26.

27.    City defendants admit that Officer DeLong briefly observed Mr. Delgado prior to DeLong parking his patrol vehicle in the park and discreetly pulling out his rifle and taking cover behind his patrol vehicle. Except as previously admitted, City defendants deny the allegations in paragraph 27.

28.    City defendants lack knowledge or information sufficient at this time to admit or deny the allegations contained in paragraph 28, and therefore deny those allegations.

29.    City defendants admit Officer DeLong attempted to speak to Mr. Delgado from behind his patrol car in the Lents Park parking lot and requested Mr. Delgado walk towards him with his hands visible. City defendants further admit that Mr. Delgado's demeanor and behavior soon escalated, and he did not comply with Officer DeLong's requests. Another person in the parking lot told Officer DeLong and Officer Wuthrich that Mr. Delgado "had a gun."  City defendants assert that Officer DeLong saw a black object sticking out of the back pocket of Mr.

Page  6 – CITY DEFENDANTS ANSWER AND DEFENSES

Delgado's pants.  Otherwise, City defendants deny the allegations in paragraph 29.

      30.    City defendants admit and assert that Officer DeLong followed PPB policy and procedure on April 16, 2021.  Otherwise, except as previously admitted, City defendants deny the allegations in paragraph 30.

      31.    City defendants admit that Officer DeLong witnessed explosive, concerning, and non-compliant behavior by Mr. Delgado, and admit that DeLong thought the behavior was due to drugs, likely methamphetamine, or some other similar stimulant.  Otherwise, except as previously admitted, City defendants deny the allegations in paragraph 31.

      32.    City defendants admit that Officers DeLong and Wuthrich then took cover behind a tree approximately 90 feet away from Mr. Delgado with their weapons in low-ready positions. City defendants further admit Mr. Delgado did not comply with the officers' requests and Mr. Delgado continued to shout at them. City defendants admit that Officer DeLong had earlier warned Mr. Delgado not to reach for a gun or DeLong would shoot Delgado. Otherwise, City defendants deny the allegations in paragraph 32.

      33.    City defendants admit that Mr. Delgado was observed pacing, throwing his belongings towards the officers, and shouting obscenities at the officers while remaining non-compliant. City defendants assert that one witness heard Mr. Delgado yell to the police something to the effect, "I'll kill you." or "I'll shoot you."  Otherwise, except as previously admitted, City defendants deny the allegations in paragraph 33.

      34.    City defendants admit Mr. Delgado shouted, "Just fucking shoot!" to the officers. Otherwise, except as previously admitted, City defendants deny the remaining allegations in paragraph 34.

      35.    City defendants admit Mr. Delgado walked to his tent, reached down towards the ground, stood up, turned towards Officers DeLong and Wuthrich, holding his black, replica BB gun, and pointed the gun directly at Officers DeLong and Wuthrich.  Because DeLong reasonably believed the gun Delgado was pointing at him was a real handgun, DeLong believed

Page  7 – CITY DEFENDANTS ANSWER AND DEFENSES

Mr. Delgado was going to shoot him, either killing him or causing serious bodily injury. Because DeLong was facing an immediate threat of death or serious bodily injury, DeLong fired his rifle twice. One of the shots hit Mr. Delgado. City defendants admit Officer Wuthrich fired her less lethal 40 mm at Mr. Delgado. Otherwise, City defendants deny the allegations in paragraph 35.

36.    City defendants admit that Mr. Delgado fell to the ground and he did not get up. City defendants admit other officers then saw Delgado moving, but could not see where the gun was, or whether Mr. Delgado was still holding the gun. City defendants lack knowledge or information sufficient at this time to admit or deny whether Mr. Delgado spoke, and therefore deny he did or did not. Otherwise, City defendants deny the allegations in paragraph 36.

37.    City defendants admit Officers DeLong and Wuthrich were removed from Lents Park after Officer DeLong used lethal force against Mr. Delgado and after Officer Wuthrich deployed her less lethal 40 mm at Mr. Delgado.

38.    City defendants admit the allegation in paragraph 38.

39.    City defendants lack knowledge or information sufficient at this time to admit or deny the allegations in paragraph 39, and therefore deny those allegations.

40.    City defendants admit officers attempted to make contact with Mr. Delgado with a loudspeaker. City defendants further admit PPB made several attempts to ascertain whether Mr. Delgado was still armed or if he could place his hands in the air, including deploying a 40 mm less lethal round that struck Delgado in the hip area. Once officers reasonably determined that Mr. Delgado was no longer a threat, officers approached and delivered medical aid and CPR. Paramedics later pronounced Mr. Delgado deceased on the scene on April 16, 2021. Otherwise, except as previously admitted, City defendants deny the allegations in paragraph 40.

41.    City defendants admit Officer DeLong is now a detective. Otherwise, City defendants deny the allegations in paragraph 41.

42.    City defendants admit PPB officers shot and killed Aaron Campbell and Marcus

Page 8 – CITY DEFENDANTS ANSWER AND DEFENSES

Lagozzino with an AR-15 rifle in 2010.  City defendants affirmatively assert that the PPB officers who shot and killed Messrs. Campbell and Lagozzino had an objectively reasonable belief that they were faced with an immediate threat of death or serious bodily injury at the moment they shot Mr. Campbell and Mr. Lagozzino.  Mr. Campbell was believed to be armed with a handgun and was shot when reaching for the gun.  Mr. Lagozzino was armed with a machete when he confronted and threatened the police.  City defendants lack knowledge or information sufficient at this time to admit or deny the involvement of PPB officers in the death of any David Earl Hughes, and therefore deny those allegations.  Otherwise, City defendants deny the allegations in paragraph 42.

43.     City defendants deny the allegations in paragraph 43.

44.     City defendants deny the allegations contained in paragraph 44.

45.     City defendants admit Officer DeLong was a member of ECIT, received training related to this role, and affirmatively assert that he used his training of de-escalation, observation, conversation, distance, cover and warning in his interactions with Mr. Delgado. Otherwise, except as previously admitted, City defendants deny the allegations in paragraph 45.

46.     City defendants lack knowledge or information sufficient at this time to admit or deny the allegations contained in the first sentence of paragraph 46, and therefore, deny those allegations.  City defendants deny the allegations in the second sentence of paragraph 46.

47.     City defendants lack knowledge or information sufficient at this time to admit or deny the allegations contained in paragraph 47, and therefore deny those allegations.

48.     City defendants deny the allegations contained in paragraph 48.

49.     City defendants lacks knowledge or information sufficient at this time to admit or deny the allegations in paragraph 49, and therefore, deny those allegations.

///

///

///

Page  9 – CITY DEFENDANTS ANSWER AND DEFENSES

**Claim 1: Fourth Amendment – Unlawful Use of Force – Individual Liability**

**(42 .S.C. § 1983)**

50.     City defendants reassert and incorporate by reference their admissions, denials, and responses to paragraphs 1-49 above.

51.     Paragraph 51 is a legal conclusion that does not require a response from City defendants.

52.–56. City defendants deny the allegations in paragraphs 52 through 56.

**Claim 2: Fourth Amendment – Unlawful Pattern and Practice – Municipal Liability**

**(42 U.S.C. § 1983)**

57.     City defendants reassert and incorporate by reference their admissions, denials, and responses  to paragraphs 1-56 above.

58.–62. City defendants deny the allegations in paragraphs 58 through 62.

**Claim 3: 14th Amendment – Interference with Familial Relationship – Individual Liability**

**(42 .S.C. § 1983)**

63.     City defendants reassert and incorporate by reference their admissions, denials, and responses  to paragraphs 1-62 above.

64.     City defendants deny the allegations in paragraph 64.

65.     The allegations contained in paragraph 65 are a legal conclusion and, therefore, do not require a response from City defendants.

66.–68. City defendants deny the allegations contained in paragraphs 66 through 68.

**Claim 4: State Torts**

**Count 1: Battery**

69.     City defendants reassert and incorporate by reference their admissions, denials, and responses to paragraphs 1-68 above.

Page  10 – CITY DEFENDANTS ANSWER AND DEFENSES

70.–72. City defendants deny the allegations contained in paragraphs 70 through 72 of the Complaint.

**Count 2: Wrongful Death**

73.     City defendants reassert and incorporate by reference their admissions, denials, and responses to paragraphs 1-72 above.

74.–80. City defendants deny the allegations contained in paragraphs 74 through 80.

## REASONABLE ATTORNEY'S FEES AND COSTS

81.     Paragraph 81 is a legal conclusion that does not require a response from City defendants.

82.     City defendants deny that Plaintiffs are entitled to the relief requested in paragraph 82.

## DEMAND FOR JURY TRIAL

83.     City defendants respectfully request a jury trial.

84.     Except as expressly admitted to above, City defendants deny each and every remaining allegation in Plaintiffs' Complaint, because those allegations are false and not true, those allegations are not directed at City defendants, or City defendants lack knowledge or information sufficient at this time to admit or deny those allegations.

BY WAY OF FURTHER ANSWER AND DEFENSES, City defendants allege as follows:

### FIRST DEFENSE

### (Failure to State a Claim)

85.     Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

### (Qualified Immunity)

86.     Officer DeLong is entitled to qualified immunity from liability under 42 USC §

Page  11 – CITY DEFENDANTS ANSWER AND DEFENSES

1983 because he acted in good faith, and a reasonable police officer would not have known that any of his actions would violate a clearly established constitutional or federally protected right of Robert Delgado.

### THIRD DEFENSE

### (Objective Reasonableness)

87.    Officer DeLong's use of lethal force against Robert Delgado was objectively reasonable under the totality of the circumstances because Mr. Delgado's conduct and actions created an immediate threat of death or serious bodily injury to Officer DeLong, the other police officers nearby, and other individuals in the area.

### FOURTH DEFENSE

### (Probable Cause)

88.    Any stop, arrest or other seizure of Robert Delgado was based on probable cause.

### FIFTH DEFENSE

### (Justification/Privilege)

89.    The actions of the City's police officers, including Officer DeLong, were lawful, justified and privileged as those actions were necessary to carry out their duties as police officers for the City of Portland and as law enforcement officers in the State of Oregon, consistent with ORS 161.190 *et seq.*, and Oregon common law.

### SIXTH DEFENSE

### (Good Faith)

90.    Any use of control or force by Officer DeLong was done in good faith.

### SEVENTH DEFENSE

### (Self-Defense)

91.    Officer DeLong was justified and privileged to use lethal force to protect himself from a reasonable belief of an immediate threat of death or serious bodily injury from Robert

Page  12 – CITY DEFENDANTS ANSWER AND DEFENSES

Delgado.

## EIGHTH DEFENSE

## (Defense of Others)

92.     Officer DeLong was justified and privileged to use lethal force to protect other persons from a reasonable belief of an immediate threat of death or serious bodily injury from Robert Delgado.

## NINTH DEFENSE

## (Lack of Jurisdiction for any state law claim- ORS 30.275(1) and (2)(a))

93.     Plaintiffs' failure to give timely tort claim notice as required by ORS 30.275(1) and (2)(a) deprives the Court of subject matter jurisdiction for any state law claim, including plaintiffs' battery claim and wrongful death claim. *Fry v. Willamalane Park & Rec. Dist*., 4 Or App 575, 583 (1971).

## TENTH DEFENSE

## (Oregon Tort Claims Act – ORS 30.260 *et seq*.)

94.     Plaintiffs' state law claims are subject to all limitations, conditions, and immunities contained in Oregon's Tort Claims Act, ORS 30.260 et seq., including but not limited to the condition of providing timely tort claim notice required by ORS 30.275(2)(a). *Tyree v. Tyree*, 116 Or App 317, 320 (1992), *rev. den*. 315 Or 644 (1993).

## ELEVENTH DEFENSE

## (No Duplicative Damages)

95.     Plaintiffs are not entitled to recover duplicative damages on their legal claims.

## TWELFTH DEFENSE

## (Improper Party)

96.     Robert Delgado is not the real party in interest for Plaintiffs' civil action. Fed. R. Civ. P. 17(a).

Page  13 – CITY DEFENDANTS ANSWER AND DEFENSES

## THIRTEENTH DEFENSE

### (Right to Amend)

97.     City defendants reserve the right to amend their Answer and Defenses through and after discovery.

WHEREFORE, having fully answered Plaintiffs' Complaint, City defendants ask for the following relief:

(a)     That judgment be entered in favor of City defendants and against plaintiffs;

(b)     That City defendants be awarded their reasonable costs incurred herein; and

(c)     That City defendants be awarded such other relief as the Court deems just and equitable.

DATED: June 15, 2023.

Respectfully submitted,

*/s/ William W. Manlove*
WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
MALLORY BEEBE, OSB #115138
Deputy City Attorney
Mallory.beebe@portlandoregon.gov
RAVYN L. GOSS, OSB #206229
Assistant Deputy City Attorney
ravyn.goss@portlandoregon.gov
*Of Attorneys for City of Portland and Zachary DeLong*

Page  14 – CITY DEFENDANTS ANSWER AND DEFENSES