WILLIAM W. MANLOVE, OSB #891607
Senior Deputy City Attorney
william.manlove@portlandoregon.gov
Carey Caldwell, OSB #093032
Deputy City Attorney
carey.caldwell@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland and Zachary DeLong*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **SKYLER DELGADO, in his capacity and as personal representative of the Estate of Robert Delgado; ROBERT DELGADO, deceased,** | 3:23-cv-00529-AR |
| | **MOTION TO COMPEL DEPOSITION TESTIMONY** |
| **PLAINTIFFS,** | |
| v. | |
| **CITY OF PORTLAND; ZACHARY DELONG; and JOHN DOES 1-5,** | |
| **DEFENDANTS.** | |

Defendants City of Portland and Zachary DeLong make the instant Motion to Compel Deposition Testimony based on the Court's September 17, 2024, Minute Order (Dckt. #24).

## MOTION

This Motion is directed at two issues regarding attorney-client privilege:

1) Did Skyler Delgado waive the privilege as to communications with attorneys when his aunt, Tina Delgado, was present.

2) Are Tina Delgado's communications with the estate's attorneys privileged.

Defendants believe the answer to (1) is "YES" and (2) is "NO."

Page 1 – MOTION TO COMPEL DEPOSITION TESTIMONY

**ARGUMENT**

The attorney-client privilege attaches when "a person hires a lawyer for advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege may extend to third parties assisting a lawyer on the matter or legal agents of the client. *United States v. Richey*, 632 F.3d 559, 563–64 (9th Cir. 2011); *see also* ORS 40.225(e) (OEC 503(e)) (defining "representative of client"). However, the privilege is expressly waived "when a party discloses privileged information to a third party who is not bound by the privilege." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003). "Disclosures that effect an express waiver are typically within the full control of the party holding the privilege; courts have no role in encouraging or forcing the disclosure—they merely recognize the waiver after it has occurred." *Id.*

The burden of proving that the privilege applies is upon the party asserting it. *United States v. Gann*, 732 F.2d 714, 723 (9th Cir. 1984) *citing to United States v. Landof,* 591 F.2d 36, 38 (9th Cir.1978).

First, while Ms. Delgado certainly was affected by the death of her brother, she has no legal interest in that death. She did not witness her brother's death and is not and cannot be a beneficiary of the present suit. *See* ORS 30.020(1) (beneficiaries in wrongful death suit). It would be immediately apparent, once identified as a sibling of the deceased, in the presence of the deceased's progeny, that no legal services could be provided to Ms. Delgado regarding her brother's death. Therefore, privilege could never attach to any conversation with lawyers about her brother's death; whether alone or with others. *Gann*, 732 F.2d at 723; *see also* OEC 503(1)(b) (privilege attaches to "disclosure is in furtherance of the rendition of professional legal services").

For instance, Skyler Delgado petitioned to be appointed as personal representative of his father's estate on July 12, 2021. (Caldwell Dec., Ex. 1). The court entered judgment granting the appointment on July 30, 2021. (Caldwell Dec., Ex. 2). Based on testimony from both Skyler Delgado and Ms. Delgado, Defendants understand that Skyler Delgado did not meet with a non-probate attorney, until after his petition for appointment. (*See*, *e.g.*, Caldwell Dec., Ex. 3, Tort

Page 2 – MOTION TO COMPEL DEPOSITION TESTIMONY

Claim Notice of April 26, 2022, more than 9 months after petition). Therefore, the estate expressly waived any privilege to conversations with attorneys when Ms. Delgado was present. *Riedel Int'l, Inc. v. St. Helens Investments, Inc.*, 633 F. Supp. 117, 120 (D. Or. 1985) (meeting held at law firm with client and non-client waived privilege to conversation).

Even if there were meetings prior to Mr. Delgado's petition, any such meetings could only relate to the potential of Ms. Delgado serving as a personal representative of the estate – again, no attorney could provide her any other legal service related to her brother's death. Therefore, to the extent any privilege attached, it would only be about probate issues, and not any issues involved in this current lawsuit. Regardless, she clearly never "hired" an attorney to represent her on any issue related to her brother's death, probate or otherwise. As a result, no privileged attached to any conversations she had with any attorney, regardless of topic or who was present. *Sanmina Corp.*, 968 F.3d at 1116.

## CONCLUSION

Based on the foregoing, Skyler Delgado should be compelled to disclose the substance of conversations he had with attorneys in the presence of his aunt, Tina Delgado. In keeping, Tina Delgado should be compelled to disclose the substance of conversations she had with attorneys regarding her brother's death.

Dated: September 24, 2024.

Respectfully submitted,

*/s/ Carey Caldwell*
WILLIAM W. MANLOVE, OSB #891607
william.manlove@portlandoregon.gov
CAREY CALDWELL, OSB #093032
carey.caldwell@portlandoregon.gov
*Of Attorneys for Defendants City of Portland and Zachary DeLong*