Amanda Lamb, OSB #222284
Juan C. Chavez, OSB #136428
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Tel: 503-944-2270

      Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| SKYLER DELGADO, in his capacity and as personal representative of the Estate of Robert Delgado; ROBERT DELGADO, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PORTLAND; ZACHARY DELONG; and JOHN DOES 1-5,<br><br>Defendants. | Case No. 3:23-cv-00529-AR<br><br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL<br><br>*Oral Argument Requested* |

## INTRODUCTION

Defendants wish to pierce the attorney-client veil on two incorrect grounds: that Ms. Tina Delgado had no potential claim and thus could never form an attorney-client relationship, and that Skyler Delgado waived any privilege he had with an attorney when Ms. Delgado was present. The Court can deny their request on two basic grounds:

1) When Skyler and Tina Delgado met with attorneys, they were prospective clients with attorney-client privilege.

2)  When and if Tina Delgado met with attorneys either in or outside of Skyler Delgado's presence, in most if not all circumstances she was acting as a "client representative" necessary to facilitate and effectuate the attorney-client relationship.

Plaintiff supports their brief with the Declarations of Ashlee Albies, Jesse Merrithew, and Juan C. Chavez (one declaration filed *in camera*, and the other to identify deposition transcripts). The Defendants wish to subvert the practice of wrongful death law generally and police accountability law specifically. The Court must **DENY** their motion and award costs to the Plaintiff.

## STANDARDS

Fed. R. Evid. 501 provides that "The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege." The "[p]urpose of attorney-client privilege is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in observance of law and administration of justice." *Jaffee v. Redmond*, 518 U.S. 1, 11 (1996) (internal quotes and citations omitted).

Generally, Or. R. Prof. Conduct 1.6(a) demands that attorneys "shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b)." That responsibility for non-disclosure extends to prospective clients as well. Or. R. Prof. Conduct 1.18(a), (b). This in part informs the privilege as developed in the Oregon Evidence Code in Rule 503(2): "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client…" Like Or. Prof. Conduct

1.18(b), this privilege extends to prospective clients under Oregon law. Or. Evid. Code 503(1)(a)(A).

In the Ninth Circuit, communications are protected by the attorney-client privilege when the following eight elements are satisfied: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)). The Ninth Circuit has clearly instructed that "[t]here is nothing anomalous about applying" the attorney-client privilege to "preliminary consultations." *Barton v. U.S. Dist. Ct.*, 410 F.3d 1104, 1111-12 (9th Cir. 2005).

The privilege generally does not extend to conversations between the attorney and the client in the presence of a third party, *United States v. Gann*, 732 F.2d 714, 723 (9th Cir.) *cert. denied*, 469 U.S. 1034 (1984), except where the third party is the client's agent or representative whose presence is necessary to facilitate communication with the attorney. *Englebrecht v. Clackamas County*, 2006 WL 8458969, *1 (D. Or. 2006), *citing In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190-1191 (4th Cir. 1991); and *United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997).[1]

///

///

---

[1] *See also* Or. Evid. Code 503, commentary ("The rule allows some disclosure beyond the immediate circle of lawyer and client their representatives without impair confidentiality, as a practical matter. It permits disclosure to persons to whom disclosure is in furtherance of the rendition of professional legal services to the client, contemplating that these will include a 'spouse, parent, business associate, or joint client.'"); *see also Kevlik v. Goldstein*, 724 F.2d 844, 849 (1st Cir. 1984) (holding that presence of adult defendant's father in conference between defendant and attorney, where the father was "acting in a normal and supportive parental fashion", did not destroy privilege because the defendant and his father intended the communications to be confidential).

## FACTS

Plaintiff Skyler Delgado is the personal representative of the Estate of Robert Delgado. Mr. Delgado is also a plaintiff in his personal capacity in Claim 3. Plaintiff brought this case after Portland Police Officer Zachary Delong shot and killed his father in Lents Park, Portland, OR on April 16, 2021.

As described in the Declaration of J. Ashlee Albies, the Delgado family, including Plaintiff and Tina Delgado, Robert Delgado's sister and Plaintiff's aunt, initially contacted her office on or about April 20, 2021. Albies Dec. ¶¶ 2, 3.  Albies's firm brought in Attorney Jesse Merrithew of Levi Merrithew Horst PC to work with the family on the case, and they communicated with the whole family, advising them on the complicated legal landscape that exists after an officer-involved shooting. Albies Dec. ¶ 3; Merrithew Dec. ¶ 2.

When the case was handed off to Plaintiff's counsel, much of the same scope of work proceeded as it had while with Albies's firm. *See* Chavez Dec (filed *in camera*).

Plaintiff was deposed on September 16, 2024. Counsel for the Defendants pressed Plaintiff on the details of every conversation had with Attorney Albies while his Aunt Tina Delgado was present.

> Q. Okay. So tell me when you were speaking with Ms. Albies in the presence of your Aunt Tina, tell me everything that you said to her.
> MR. CHAVEZ: I'm going to direct him not to address this line of questioning.

Skyler Delgado Dep. 194:17-21.

Counsel for the Defendants did not press ahead on this line of questioning with Mr. Delgado. But the next day, during Ms. Tina Delgado's deposition, Counsel for Defendants drilled in further, pressing Ms. Delgado for details of what was discussed when she met with

attorneys. When asked whether Ms. Delgado was represented by an attorney during her deposition, she answered: "Juan, I feel like is, but I don't—I don't think he's my lawyer. Like, I don't know how to answer that really." Tina Delgado Dep. 9:13-15. Counsel for Defendant pressed on:

> Q. My question is, for purposes of this lawsuit, does Mr. Chavez
> represent you in any way?
> MR. CHAVEZ: Object to the form. Go ahead.
> A. I think so.
> Q. BY MR. MANLOVE: Do you have an attorney-client
> relationship with Mr. Chavez?

*Id.* at 9:24-10:5.

At this point, after being pressed three times to deny having had an attorney-client relationship, Counsel for Plaintiff directed the deponent not to answer. *Id.* at 10:14-15. Defendants brought this dispute to the Court during the deposition. *Id.* at 15:8-26:21.

## DISCUSSION

1. The Delgado Family Were Prospective Clients and Are Owed an Attorney-Client Privilege

Defendants' proposition that the only legal matter that could potentially confer a cognizable attorney-client privilege was between a wrongful death beneficiary and an attorney is flatly wrong. Under any Oregon or Federal construction of the prospective client rule, so long as the person or persons contacting an attorney did so for the purpose of seeking legal services, the attorney-client privilege applies. *See* Or. R. Prof. Conduct 1.18; *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009); and Or. Evid. Code 503(1)(a)(A).

As described by the declarations of Ashlee Albies and Jesse Merrithew, there are many legal matters a family must consider after the shooting-death of a loved one by a police officer. Albies Dec. ¶¶ 3, 4. A family seeking legal advice on what to do following a shooting would not

necessarily know prior to speaking to an attorney what their precise rights are as victims, nor would they likely know how a wrongful death case would proceed. Albies Dec. ¶¶ 4, 5; Merrithew Dec. ¶¶ 6-10. The same would be true for the attorney receiving the inquiry; it would be unclear who is or is not a beneficiary, or who outside of the decedent would have a cognizable claim. That is precisely what happened here. After the shooting death of Robert Delgado, and even after Skyler Delgado's appointment as personal representative of the Estate, their attorneys were providing legal services to them as they navigated the criminal inquiry into Defendant Zachary Delong's actions. Attorneys Albies and Merrithew guided the family through that process and developed theories for recovery.

When the family contacted their present attorneys' office, that same process continued. *See* Chavez Dec. (filed *in* camera). At minimum then, the attorney-client relationship was maintained while the family members were seeking legal advice or services from an attorney, and would not be waived by virtue of non-beneficiaries being present.

2. Tina Delgado Acted as Plaintiff Skyler Delgado's Client Representative

As an alternative or hybrid ground, for reasons described in the Declaration of Juan C. Chavez (filed *in camera*), assuming that Ms. Delgado was at times no longer construed as a prospective client, she was still acting as Plaintiff's representative. *See* Chavez Dec. (filed *in camera*). Her participation was necessary to facilitate the legal advice in the relationship. *Id.* To the extent that any conversations were had between Plaintiff's counsel and Ms. Delgado to facilitate and effectuate the attorney-client relationship, a privilege would attach, and Defendants would not be able to inquire further into the communications had.

///

///

## CONCLUSION

For the reasons state above, Defendants' Motion to Compel must be **DENIED**, and the Court should award reasonable fees and costs associated with defending these privileges pursuant to Fed. R. Civ. P. 37(a)(5)(B). If the Court wishes to inquire further about the nature of any attorneys' relationship with the Delgado family, as offered by the declarants they are willing to provide further detail in an *in camera* submission.

DATED: October 2, 2024

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB 136428
Of Counsel for Plaintiff