UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SKYLER DELGADO, *in his capacity as*
*personal representative of the Estate of*
Robert Delgado, *and* ROBERT DELGADO,
*deceased*,

Case No. 3:23-cv-529-AR

**OPINION AND ORDER**

                    Plaintiffs,

        v.

CITY OF PORTLAND, ZACHARY
DELONG, *and* JOHN DOES 1-5,

                    Defendants.

_____

**ARMISTEAD, Magistrate Judge**

        Robert Delgado was shot and killed by Portland Police Officer Zachary DeLong in April

2021. Robert Delgado and his son, Skyler Delgado (as personal representative of his father's

estate), bring this action against the City of Portland, Delong, and unnamed defendants. They

bring federal claims under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth

Amendments to the United States Constitution, as well as state-law claims for battery and wrongful death. (Compl., ECF No. 1.)

Skyler Delgado was named personal representative of his father's estate on July 30, 2021. After that appointment, he attended meetings with prospective attorneys and eventually engaged the Oregon Justice Resource Center to represent him. Both before and after he engaged counsel to represent him, Skyler Delgado attended meetings with attorneys during which his aunt, Tina Delgado (Robert Delgado's sister), was present.

Now before the court is defendants' motion to compel testimony about the substance of any conversations between Skyler Delgado and his attorneys while Tina Delgado was present, as well as any conversations between Tina Delgado and attorneys regarding her brother's death. For the reasons explained below, defendants' motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

Federal privilege law applies in federal question cases, including with respect to pendent state law claims. *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005); *see also* Fed. R. Evid. 501, Advisory Committee Notes. Accordingly, the court looks first to federal common law to resolve a privilege dispute, but may also look to state privilege law "if it is enlightening." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).

In the Ninth Circuit, an eight-part test determines whether information is covered by attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7)

from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). "The burden is on the party asserting the privilege to establish all the elements of the privilege." *United States v. Martin*, 378 F.3d 988, 999–1000 (9th Cir.2002).

## DISCUSSION

Defendants ask this court to resolve two issues: (1) Did Skyler Delgado waive the privilege as to communications with attorneys when his aunt, Tina Delgado, was present? (2) Are Tina Delgado's communications with the estate's attorneys privileged? (Def.'s Mot. at 1, ECF No. 25.)

### A.    *Did Skyler Delgado Waive Privilege?*

The court first considers whether Skyler Delgado waived attorney-client privilege by meeting with attorneys while his aunt was present. A waiver by voluntary disclosure occurs when a party discloses privileged information to a third party who is not bound by the privilege. *Bittaker v. Woodford*, 331 F.3d 715, 719 & n.4 (9th Cir. 2003). "One of the elements that the [party asserting privilege] must prove is that it has not waived the privilege." *Weil v. Investment/Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1980).

"Because it 'impedes the full and free discovery of the truth, the attorney-client privilege is strictly construed' and 'applies only where necessary to achieve its purpose.'" *Montgomery v. eTreppid Techs., LLC*, 548 F. Supp. 2d 1175, 1178 (D. Nev. 2008) (quoting *United States v. Talao*, 222 F.3d 1133, 1140 (9th Cir. 2000)). That is, the privilege applies "only to those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976). In determining whether a

waiver has occurred, the court must examine whether recognizing a waiver would undermine the purpose of attorney-client privilege to "encourage full and frank communication between attorneys and their clients." *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126-30 (9th Cir. 2012).

Neither party points to Ninth Circuit case law addressing whether a family member's attendance at attorney-client meetings constitutes a waiver of attorney-client privilege, and the court has found none. Accordingly, the court considers Ninth Circuit precedent to the extent it is instructive, as well as federal common law from outside this circuit, and state law that the court finds "enlightening." After doing so, the court concludes that Tina Delgado's attendance at meetings between Skyler Delgado and attorneys does not constitute waiver of attorney-client privilege.

Although federal cases are inconsistent in recognizing waiver of attorney-client privilege when a family member attends attorney-client meetings, *see* 1 McCORMICK ON EVID. § 91 (8th ed. 2022) (collecting cases), this court is persuaded by the line of cases that has recognized that "While . . . the presence of a third party commonly destroys [attorney-client] privilege, it does so only insofar as it is indicative of the intent of the parties that the communication not be confidential." *Kevlik v. Goldstein*, 724 F.2d 844, 849 (1st Cir. 1984) (holding that client's father's presence in attorney-client meetings did not waive privilege). That reasoning, as applied in this context, aligns with the Ninth Circuit's practice of focusing its analysis of privilege and waiver on the purpose of the attorney-client privilege. *See Pac. Pictures Corp.*, 679 F.3d at 1126-30. There is no indication that Skyler Delgado intended, by attending meetings with his aunt, that his discussions with attorneys would not be confidential. Instead, the facts suggest that Tina Delgado's presence facilitated "disclosures necessary to obtain informed legal advice which

might not have been made absent the privilege." *Fisher*, 425 U.S. at 403. To recognize a waiver in these circumstances would risk undermining the purpose of attorney-client privilege to "encourage full and frank communication between attorneys and their clients." *Pac. Pictures Corp.*, 679 F.3d at 1126.

State law further supports the court's conclusion. Oregon Rule of Evidence 503 contemplates that privileged communications can be disclosed to a third person "to whom disclosure is in furtherance of the rendition of professional legal services to the client." OR. R. EVID. 503(1)(b). The commentary to that Rule explains that privilege may, as a practical matter, extend "beyond the immediate circle of lawyer and client and their representatives," including to a client's family member, "without impairing confidentiality."

In sum, consideration of both federal and state law leads the court to conclude that an exception to waiver applies to Skyler Delgado's meetings with attorneys during which his aunt, Tina Delgado, was present.

**B.    *Were Tina Delgado's Communications with Lawyers Privileged?***

The second issue is whether Tina Delgado's communications with lawyers are privileged. Those communications can be split into two categories: (1) communications during the time when Tina Delgado was a potential client, and (2) communications after it became clear that Tina Delgado was neither a client nor a potential client.

Communications within the first category are privileged. As plaintiffs note, the Ninth Circuit has advised that "[t]hat there is nothing anomalous" about applying the attorney-client privilege to "preliminary consultations." *Barton v. U.S. Dist. Ct. for Central Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005); (Pl.'s Resp. at 3, ECF No. 29.) That privilege ended when it

became clear that Tina Delgado would not bring any claims in this action. Contrary to defendants' contention, however, that does not mean that none of her conversations with attorneys were privileged unless they related to serving as personal representative of her brother's estate. (Def.'s Mot. at 3 ("[N]o attorney could provide [Tina Delgado] any other legal service related to her brother's death.").) After all, advice regarding *whether* an individual has any viable claims is still legal advice, even if the individual does not ultimately bring any claims.

As to the second category, however, plaintiffs have not met their burden to show that privilege exists. Even if Tina Delgado's conversations with attorneys were generally in furtherance of the attorneys' representation of Skyler Delgado and the estate (Pl.'s Resp. at 6), plaintiffs have not demonstrated that those conversations served the narrower purpose of the attorney-client privilege to "encourage full and frank communication" between client and attorney. Generally, "facts which an attorney receives from a third party about a client are not privileged. [And a]n attorney's subsequent use of this information in advising his client does not automatically make the information privileged." *Matter of Fischel*, 557 F.2d 209, 212 (9th Cir. 1977). To the extent that Tina Delgado, when she was neither client nor potential client, provided information to lawyers that Skyler Delgado did not possess, it would make little sense to consider those communications privileged because doing so would in no way "protect and foster the *client's* freedom of expression." *Id.* (emphasis added). Accordingly, Tina Delgado's communications with attorneys after she no longer sought legal advice for herself are not privileged.

\ \ \ \ \

\ \ \ \ \

**CONCLUSION**

For the above reasons, the motion to compel is GRANTED IN PART and DENIED IN

PART. Plaintiffs' request for fees and costs under Federal Rule of Civil Procedure 37(a)(5)(B) is

DENIED.

*DATED:* October 11, 2024.

_____
JEFF ARMISTEAD
United States Magistrate Judge